IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-0828-WJM-NRN

HAYDEN MEIER, and
JOHN HOANG,

      Plaintiffs,

v.

JENNIFER CAIN, individually, and in her official capacity as COO and CEO, and
"EAT FIT GO," aka "EAT FIT GO HEALTHY FOODS," LLC, a Nebraska Corporation,

      Defendants.

---

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

This matter is before the Court on Defendant Jennifer Cain's Motion to Dismiss ("Motion"). (ECF No. 12.) Hayden Meier and John Hoang (jointly, "Plaintiffs") submitted their Response to the Motion ("Response") (ECF No. 13) on May 24, 2021, and Defendant filed her Reply in Support of the Motion ("Reply") (ECF No. 21) on June 7, 2021. For the following reasons, the Motion is granted.

### I. BACKGROUND

The following factual summary is drawn from Plaintiffs' Complaint and Jury Demand ("Complaint"). (ECF No. 1.) The Court assumes the allegations contained in the Complaint are true for the purpose of deciding the Motion. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Hoang is the owner of a prepared meal company named Ready Fit Go ("RFG").

(¶ 9.)[1] Beginning in 2017, Hoang engaged in discussions with the management team of the Nebraska-based company Easy Fit Go ("EFG") about rebranding five RFG stores into EFG stores. Hoang contacted EFG about acquiring some stores from another company, My Fit Foods ("MFF"), for the purpose of converting those stores into EFG locations. (¶¶ 12–14.) And Hoang approached Meier about providing financing for the purchase and conversion of the stores, to which Meier agreed. (*Id.*) Then Hoang and Meier bought ten MFF stores located in Texas and California. (¶ 16.) In May 2017, Defendants Sardor Vakhidov and Aaron McKeever met with Plaintiffs in Denver, Colorado. (¶ 15.) The Complaint alleges:

> Defendants told Plaintiffs in acquiring MFF stores, they would waive the franchise fee, and Plaintiffs would only have to pay royalty fees. Defendants also said no retrofitting of the MFF stores to the EFG image would be required, all they would have to do is install EFG signage and apply new paint to the interior of the stores. Plaintiffs were told they could use the equipment for the kitchens and lobby area that was already in the MFF stores. Once stores were profitable, Plaintiffs would retrofit them into EFG stores.

(¶ 17.) In July 2017, Plaintiffs met with Cain in Omaha, Nebraska. (¶ 18.) Cain said she was unaware of the agreement Plaintiffs had made with Vakhidov and McKeever. (*Id.*) She said she would "try" to get the stores open as soon as she could. (*Id.*) Two weeks later, Cain told Plaintiffs that all the stores had to be retrofitted to meet the EFG branding. (¶ 19.) Plaintiffs said, "That wasn't the deal," but Plaintiffs continued to work on rebranding their stores to EFG. (*Id.*)

In November 2017, Cain flew to Denver to meet with Plaintiffs. (¶ 22.) She told them that "they should go their own direction" and that EFG "cannot open any more [*sic*]

---

[1] Citations to paragraph numbers, without more, *e.g.* (¶ __), are references to the Complaint. (ECF No. 1.)

2

stores." (*Id.*)  Plaintiffs did not open any stores with EFG branding because EFG abandoned the agreement.  (¶ 23.)  Plaintiffs rebranded all stores back to RFG.  (*Id.*)

In December 2017, Meier had a discussion with Stephen George of Panorama Partners, an investor and board chairman of EFG.  (¶ 25.)  He said, "Let's see how we can figure this out.  You have attorney, I have attorneys."  (*Id.*)  He also informed Plaintiffs that he could not pay them seven hundred thousand dollars to "walk away."  (*Id.*)

EFG filed for Chapter 11 bankruptcy in 2018 and Chapter 7 bankruptcy in 2020.  (¶ 28.)  On March 20, 2019, Plaintiffs discovered that Defendants had received a distribution of over eight hundred thousand dollars from EFG.  (¶ 29.)  In 2020, Stephen George acquired EFG out of Chapter 7 bankruptcy.  (¶ 30.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177.  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed

even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

Cain argues that Plaintiffs have failed to state a claim against her.  (ECF No. 12 at 7–10.)  Alternatively, she argues that Plaintiffs' claims are time-barred.  (ECF No. 12 at 4–6.)

### A.     Negligent Misrepresentation

The elements of a claim of negligent misrepresentation are:

> (1) one in the course of his or her business, profession or employment; (2) makes a misrepresentation of a material fact, without reasonable care; (3) for the guidance of others in their business transactions; (4) with knowledge that his or her representations will be relied upon by the injured party; and (5) the injured party justifiably relied on the misrepresentation to his or her detriment.

*Allen v. Steele*, 252 P.3d 476, 482 (Colo. 2011).  Cain argues that Plaintiffs have failed to state a claim of negligent misrepresentation because they have failed to allege that Cain made any false representation to Plaintiffs.  (ECF No. 12 at 8.)  Plaintiffs do not respond to Cain's argument.  (*See generally* ECF No. 13.)

The Complaint contains several statements alleged to have been made by Cain. (¶¶ 18, 19, 20, 22.)  But Plaintiffs failed to specifically allege: (1) that any of Cain's statements were false; or (2) that Cain failed to act with reasonable care when making the statements.[2]  Thus, the Court finds that Plaintiffs have failed to state a claim for

---

[2] Plaintiffs' recitation of the elements and conclusory allegations at ¶¶ 33–36 are not sufficient to make out a claim.  *See Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .").

negligent misrepresentation against Cain, and the Court grants this portion of the Motion.

**B.      Unjust Enrichment**

The elements of an unjust enrichment claim are:

> (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation.

*Scott v. Scott*, 428 P.3d 626, 636 (Colo. 2018) (internal quotation marks omitted; citations omitted).  Cain argues that Plaintiffs have failed to allege any facts supporting the conclusory allegation that Cain received a benefit at Plaintiffs' expense.  (ECF No. 12 at 9.)  Plaintiffs do not respond to Cain's argument.  (*See generally* ECF No. 13.)

Plaintiffs allege that Defendants "received a distribution of over eight hundred thousand dollars . . . even though the company was operating with a profit loss for 2017 and 2018." (¶ 29.)  But Plaintiffs fail to allege that this benefit was at Plaintiffs' expense.  Plaintiffs allege that they suffered significant losses in retrofitting several stores in reliance on their agreement with EFG (¶ 29), however, Plaintiffs rebranded all the stores back to RFG before any of them opened.  (¶ 23.)  Plaintiffs do not plausibly allege that EFG or Cain benefitted from Plaintiffs opening stores without EFG branding.  Therefore, the Court finds that Plaintiffs have failed to state a claim for unjust enrichment against Cain, and the Court grants this portion of the Motion.

**C.      Promissory Estoppel**

The elements of promissory estoppel are:

> (1) a promise; (2) that the promisor reasonably should have expected would induce action or forbearance by the promisee or a third party; (3) on which the promisee or third party reasonably and detrimentally relied; and (4) that must

be enforced in order to prevent injustice.

*Pinnacol Assurance v. Hoff*, 375 P.3d 1214, 1221 (Colo. 2016).  Cain argues that Plaintiffs have failed to allege any facts supporting the conclusory allegation in paragraph 41 that Cain "made promises and assurances to Plaintiffs to open stores and continue to invest money to get these stores up and running."  (ECF No. 12 at 9.)  Plaintiffs do not respond to Cain's argument.  (*See generally* ECF No. 13.)

Plaintiffs have not specifically alleged that: (1) Cain made any promise, (2) Cain should have reasonably expected that the promise would induce reliance by plaintiffs, or (3) Plaintiffs detrimentally relied on Cain's promise.  Therefore, the Court finds that Plaintiffs have failed to state a claim for promissory estoppel against Cain, and the Court grants this portion of the Motion.

**D.      Statute Of Limitations**

The parties agree that Colorado law subjects all of Plaintiffs' claims to a three-year limitations period.  (ECF No. 12 at 4; ECF No. 13 at 1–2.)  However, the parties disagree about when Plaintiffs' claims accrued.  Cain argues that Plaintiffs' claims accrued when Plaintiffs were informed in November 2017 that the "deal" was abandoned, that EFG was "dead in the water," and when Plaintiffs were unable to open their stores under EFG branding.  (ECF No. 12 at 5.)  Alternatively, Cain argues that the claims accrued in December 2017, when Plaintiffs and EFG engaged in settlement discussions related to the purported damages incurred by Plaintiffs.  (*Id.*)  Plaintiffs argue that their claims accrued in March 2019, when they discovered documentation that showed "the extent of injury and concealment by Defendants and Cain."  (ECF No. 13 at 2.)

Because the Court finds that Plaintiffs have failed to state negligent

6

misrepresentation, unjust enrichment, and promissory estoppel claims against Cain, the Court need not determine whether the statute of limitations had expired.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Defendant Jessica Cain's Motion to Dismiss (ECF No. 12) is GRANTED; and

2. All claims against Defendant Jessica Cain are DISMISSED WITHOUT PREJUDICE.

Dated this 17th day of December, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge